Matter of Kwestel (2024 NY Slip Op 02281)

Matter of Kwestel

2024 NY Slip Op 02281

Decided on April 30, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber,J.P.,
Peter H. Moulton
David Friedman
Saliann Scarpulla
Manuel J. Mendez, JJ.

Motion No. 2023-05307 Case No. 2023-06193 

[*1]In the Matter of Steven J. Kwestel, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven J. Kwestel (Admitted as Steven Jeffrey Kwestel) (OCA ATTY. REG. NO. 2748085), Respondent. 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 19, 1996

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York City
(Orlando Reyes, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Steven J. Kwestel was admitted to the practice of law in the State of New York by the Second Judicial Department on June 19, 1996, under the name Steven Jeffrey Kwestel. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
On November 22, 2022, this Court denied respondent's motion to resign for non-disciplinary reasons (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.22), and granted the Attorney Grievance Committee's (AGC) cross-motion to deem an offense of which respondent had been found guilty (willful failure to collect or pay over tax [26 USC § 7202]) to be a "serious crime"(Judiciary Law § 90 [4][d]), and immediately suspended respondent from the practice of law until the conclusion of pending disciplinary matters and further order of this Court (Matter of Kwestel, 211 AD3d 123, [1st Dept 2022]).
By joint motion for the imposition of discipline dated November 28, 2023, the AGC and respondent ask this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR §1240.8[a][5], that a two-year suspension from the practice of law be imposed nunc pro tunc, to November 22, 2022, the date of his interim suspension.
The parties stipulated to the following facts:
Respondent is 60 years old and has not practiced law in any capacity for approximately five years. On December 10, 2020, he waived indictment and consented to be prosecuted by Information in the United States District Court for the Eastern District of New York (EDNY) and was charged with willful failure to collect and/or pay over taxes, a felony, in violation of 26 USC §7202. On July 20, 2021, respondent pled guilty, admitting that the charges were true. On May 26, 2022, a judgment was entered against him, and he was sentenced to a 60-day term of imprisonment, with one year of supervised release, and restitution in the amount of $1.2 million.
During the sentencing proceedings the Court considered a multitude of factors which included:
Respondent was the owner of a company that provided motor vehicle transportation services to patients requiring medical treatment; he discovered a fraud by the company's prior owner and reported it to Medicaid, which significantly impacted the company's revenue thereafter; the payroll taxes he failed to pay pertained to the employees of the company; he used a portion of the funds at issue to meet company expenses including paying payroll; his conduct was influenced by mental health issues; and by the time of sentencing, he had fully complied with the order of restitution. Respondent was furloughed after serving 18 days in prison and served the remainder of his term of incarceration in home confinement where he complied fully with the terms of his supervised release.
The parties have stipulated to the following aggravating factors:
The nature of the criminal offense denotes a dishonest and selfish motive; respondent did not timely notify the AGC of his [*2]conviction, failed to file a record of his criminal conviction with the Court within 30 days and has a disciplinary history in that he was previously suspended for six months by consent order of this Court dated August 15, 2017, for failing to properly supervise an employee who misappropriated approximately $2 million from the firm's bank account (Matter of Zucker, 154 AD3d 29 [1st Dept 2017]). Additionally, the New Jersey Supreme Court reprimanded respondent in a reciprocal proceeding based on the 2017 disciplinary proceeding and respondent acknowledges that he is subject to state tax obligations in the amount of approximately $280,000 connected to the company, that he assures the AGC he is actively cooperating with the tax authorities to ensure are satisfied.
In mitigation, the parties have stipulated that:
Respondent's mental health issues were exacerbated by the circumstances which led to this proceeding; he accepted responsibility for his actions, pled guilty and made restitution of the entire $1.2 million assessed against him six months before sentencing; he fully cooperated with the AGC, presented evidence of good moral character and repeatedly demonstrated remorse for his misconduct. Respondent states that he was not motivated by greed, but by the earnest desire to provide for his family, his employees and the medical patients for whom he provided services through his company.
Respondent conditionally admits that his actions, as set forth above, violated the Rules of Professional Conduct (22 NYCRR 1200.0), specifically rule 8.4(b) (a lawyer shall not "engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer"); 8.4(c) (a lawyer shall not "engage in conduct involving dishonesty, fraud, deceit or misrepresentation"); and 8.4(h) (a lawyer shall not "engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer").
This Court has previously imposed a range of sanctions, typically two- to three- year suspensions, on attorneys convicted in cases involving similar federal tax-related misconduct, with longer suspensions typically imposed when there is willful or obstructive conduct (see Matter of Seedorf, 210 AD3d 10 [1st Dept 2019] [a guilty plea of federal tax evasion warranted a three-year suspension where the attorney was previously admonished by the AGC, but was active in the community, cooperated with the investigation, was well regarded in the legal community and remorseful for his misconduct]; Matter of Lindenbaum, 172 AD3d 26 [1st Dept 2019] [a 1-year suspension was imposed after a federal tax conviction, on an attorney with no prior disciplinary record, that took responsibility for misconduct and expressed remorse]; Matter of Cohen, 159 AD3d 113, 116 [1st Dept 2018]).
Respondent's circumstances in this case are more analogous to Seedorf, howeverbecause he offers more mitigation than the attorney in that case — namely, the lack of greed as a motivation[*3], mental health issues that influenced the misconduct, that he served only 18 days incarceration (the rest in home confinement) and made full restitution six months before sentencing, thus a lesser suspension is warranted. Additionally, the parties agree that, in accordance with the case law and considering the factors in aggravation and mitigation, a suspension of two years, retroactive to his interim suspension dated November 22, 2022, is appropriate.
Accordingly, the parties' joint motion for discipline by consent should be granted, and respondent is suspended from the practice of law in the State of New York for a period of two years, effective nunc pro tunc to November 22, 2022, and until further order of this Court.
All concur.
It is Ordered that the parties' joint motion for discipline by consent pursuant to
22 NYCCR 1240.8(a)(5) is granted and respondent Steven J. Kwestel, admitted as Steven Jeffery Kwestel, is suspended from the practice of law in the State of New York for a period of two years, effective nunc pro tunc to November 22, 2022, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, and until further order of this Court, respondent Steven J. Kwestel, admitted as Steven Jeffery Kwestel, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
It is further Ordered that respondent Steven J. Kwestel, admitted as Steven Jeffery Kwestel, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Steven J. Kwestel, admitted as Steven Jeffery Kwestel, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: April 30, 2024